IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO. 1:02-CR-33-LG-1

FREDERICK HENRY SUTTLES

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [133] Motion for Compassionate Release filed by the defendant, Frederick Henry Suttles. The Government filed a [138] Response in Opposition, to which Defendant filed a [143] Reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### DISCUSSION

On July 15, 2004, Suttles entered a plea of guilty to one count of possession with intent to distribute less than 50 grams of methamphetamine. On September 3, 2004, Suttles was sentenced to 360 months' imprisonment, 72 months' supervised release, a fine of $25,000, and a special assessment of $100. He is currently housed at USP Thomson in Thomson, Illinois, and is scheduled to be released on October 11, 2028.

On December 21, 2020, Suttles filed a *pro se* Motion for Compassionate Release. He bases his Motion on his chronic asthma and a neurological condition which requires the use of a wheelchair while showering. (Def.'s Reply, at 11, ECF No. 143). Suttles maintains that he needs a caretaker at all times. *Id*. at 12.

Recently, he was the victim of an assault which left Suttles with a broken arm. *Id.* Thus, Suttles claims he is at particular risk from this pandemic.

On January 6, 2021, the Government filed a response in opposition to the Motion, arguing that (1) Suttles had not exhausted his administrative remedies, (2) had not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against his release. Suttles then filed a reply on February 26, 2021, now represented by counsel, which set forth his arguments in greater detail.

As an initial matter, the Court finds that Suttles has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Suttles filed a request with the Warden on October 20, 2020 (*see* Inmate Request, Ex. 2, ECF No. 143-2), and after the lapse of thirty days, filed the instant Motion with the Court on December 14, 2020. (See Mot., ECF No. 133). The Warden did not deny Suttles' request until December 21, 2020. (*See* Denial, Ex. 1, ECF 143-1). The Court may therefore consider the merits of Suttles' Motion. *See United States v. Ward*, 832 F. App'x 334, 335 (5th Cir. 2020).

In his Motion, Suttles cites the dangerous conditions at USP Thomson, as well as his chronic asthma and neurological condition, as the grounds justifying compassionate release. (Def's Reply, at 10-11, ECF No. 143). To the extent Suttles requests the Court modify his sentence to home confinement, the Court lacks the authority to make home confinement determinations. *See United States v. Lang*, 835 F. App'x 790, 790 n.5 (5th Cir. 2021) (citations omitted); *see also United States*

*v. Travis*, No. 2:19-cr-43-KS-MTP, 2021 WL 473755, at *1 (S.D. Miss. Feb. 9, 2021) (citations omitted). As to Suttles' request for a sentence reduction, a court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[1] Regardless, the Court finds that the former policy statement continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release. *See* U.S.S.G. § 1B1.13(2), cmt. n.1(A)(ii); *see also* 18 U.S.C. § 3142(g).

"The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Unites States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt.n.1(A)-(D)). Relevant to the analysis here is whether Suttles' "medical conditions" or "age" justify release. "Medical conditions" include conditions where the defendant has either a terminal illness or a condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1(A). "Age" refers to a defendant that "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt.n.1(B). In this case, Suttles, a 54-year-old male, cites his chronic asthma and a neurological condition as potentially leaving him more vulnerable to the virus. Suttles notes that he requires supervision of a caretaker and uses a wheelchair when he is showering. He also claims he was the victim of assault, which further puts him at risk. He notes he has served 225 months of his 360-month sentence, *i.e.*, approximately eighteen years of his sentence.

Publications by the Centers for Disease Control and Prevention ("CDC") have recognized moderate to severe asthma as among the conditions which may increase the risk of severe illness from COVID-19. *People With Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#asthma (last visited Mar. 3, 2021). Likewise, neurological conditions such as dementia may increase risk of severe illness. *Id.* Suttles has not clarified what kind of neurological condition he has or whether it amounts to the kind of condition the CDC links to increase risk of severe illness from COVID-19. His medical records reflect that his condition may be "postural orthostatic tachycardia syndrome (POTS)," but this Court is not qualified to interpret medical diagnoses nor

determine whether the condition may increase the risk of severe illness.[2] (*See* Medical Records, at 15, ECF No. 140-3). Further, Suttles' arm injury is in result of a fight two years ago "where he fell down and hyperflexed [sic] his right wrist." *Id.* at 3. Suttles apparently is being treated for his asthma, neurological condition, and injured wrist, and takes medications regularly. *See generally id.* He has failed to provide evidence that he requires supervision or is unable "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1(A); *see also United States v. Barton*, No. 11-00062-01, 2020 WL 6749161, at *4 (W.D. La. Nov. 17, 2020) (citations omitted). He also is unable to benefit from the "age" factor under the U.S.S.G. because he is not over the age of 65. *See* U.S.S.G. § 1B1.13 cmt.n.1(B). Furthermore, "compassionate release is discretionary, not mandatory, and may be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Suttles maintains that if he contracts COVID-19 it will be fatal for him due to prison overcrowding and the inability to distance himself from other inmates. Suttles is correct that USP Thomson has had confirmed cases of COVID-19. *See COVID-19 Inmate Test Information*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited Mar. 3, 2021). There are currently six reported cases amongst inmates. *Id.* The Government claims that the Bureau of

---

[2] The CDC does not list POTS as a condition that increases the risk of severe illness if Suttles were to contract COVID-19.

Prisons ("BOP") has taken significant measures to protect the health of the inmates in its charge. As previously stated by this Court: "'[T]he mere existence of COVID-19 in society' and, consequently, the prison system 'cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'" *United States v. Williams*, No. 2:16-cr010, 2020 WL 4210476, at *3 (S.D. Miss. July 22, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *see also Jordan*, 2020 WL 5118052, at *6 (citations omitted). Therefore, the Court finds Suttles' claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Suttles entered a plea of guilty to one of the five counts listed against him in the indictment. Suttles had a total offense level of 43 and a criminal history category of VI. (Present. Invest. Report, ¶ 33, at 19, ECF No. 113). The Presentence Investigation Report reflects that Suttles has an extensive prior criminal history, including previous drug crimes. *See id.* ¶¶ 34-61, at 19-25. Suttles has not demonstrated that his circumstances have changed such that a lower sentence would reflect the seriousness of the underlying offense, promote respect for the law, and provide just punishment for his conviction. *See* 18 U.S.C. § 3553(a);

(*see also* Gov.'s Resp., at 17, ECF No. 138).  For all these reasons, the Court finds that a reduction in Suttles' sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [133] Motion for Compassionate Release filed by the defendant, Frederick Henry Suttles, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of March, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE